# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| GENERAL DRIVERS, WAREHOUSEMEN And HELPERS, LOCAL UNION NO. 509 A/W INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Plaintiff,<br><br>v.<br><br>FIRST STUDENT, INC.,<br><br>Defendant. | Civil Action No. 2:25-cv-12339-BHH<br><br>**COMPLAINT**<br>**Jury Trial Demanded** |

NOW Comes Teamsters Local Union No. 509 ("Plaintiff" or "Union"), by and through its undersigned attorneys, complaining and alleging as follows:

## NATURE OF ACTION

1. This is an action arising under Section 301(a) of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185(a) ("LMRA"), that seeks to enforce the grievance decision issued by the Piedmont Grievance Committee ("PGC") on June 24, 2025.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to Section 301(c) of the LMRA, 29 U.S.C. §185(c) and 28 U.S.C. §1331.

3. Venue is appropriate pursuant to Section 301(a) of the LMRA, 29 U.S.C. §185(a) and 28 U.S.C. § 1391(b).

4. Plaintiff is a labor organization representing employees in an industry affecting commerce.

1

5. Plaintiff maintains its principal office and is engaged in representing employees in the District of South Carolina.

## PARTIES

6. Plaintiff is a labor organization withing the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a). The Union's offices are located at 2604 Fish Hatchery Rd, West Columbia, SC 29172.

7. Plaintiff represents employees within the meaning of 29 U.S. Code § 152(3) who are located in and around Charleston, South Carolina.

8. Defendant is incorporated in Delaware and headquartered in Cincinnati, OH, operating in various states including Charleston, South Carolina. The defendant is an employer within the meaning of § 2(2), of the NLRA, 29 U.S.C. § 152(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## FACTS

9. Defendant employs school bus drivers who perform services for the Charleston County Public Schools.

10. Plaintiff represents these bus drivers whose terms and conditions of employment are set forth in a collective bargaining agreement between the Plaintiff and Defendant. The applicable collective bargaining agreement is attached hereto as Exhibit A to the Complaint.

11. The collective bargaining agreement (CBA) at issue was effective from July 16, 2022, through July 15, 2025, and covers the following bargaining unit employees:

> All full time and regular part time school bus drivers and aides employed by the Company at or out of its following Charleston, South Carolina area facilities: Azalea (North Charleston); Northwood's; Cairo; James Island; Johns Island; Faison; Hollywood; and Porcher lot. This excludes managers, operations supervisors, clerical, payroll, dispatch, safety coordinator, assistant managers, assist

safety, routing supervisor, trainer examiner, mechanics, maintenance employees, and all other employees.

12. The scope of the agreement includes all bus driving work performed out of the Defendant's Charleston County locations and all bust driving work performed for the Charleston County Public Schools.

13. Article 20 of the CBA, titled "Discipline," provides that "[n]o employee shall be disciplined, suspended or discharged without just cause."

14. Article 12 of the CBA, titled "Grievance Procedures," provides a step procedure for resolving grievances, which are defined as "any controversy, complaint, misunderstanding or dispute arising as to the meaning, application or observance of any provision[] of the [CBA]."

15. If the grievance is not resolved in the first three steps, the Union may file the grievance to the PGC within thirty (30) school days. The decision of the PGC "shall be final and binding unless either party elects to appeal the decision to arbitration."

16. A party wishing to appeal the PGC to arbitration "shall notify the other party within twenty (20) calendar days of receipt of the Piedmont Committee's decision."

17. The PGC rules are set forth in the Piedmont Grievance Committee By-Laws. A copy of the Piedmont Grievance Committee By-Laws is attached hereto as Exhibit B to the Complaint.

18. Article VII of the PGC By-Laws, titled "Hearings," provides that members of the panel "hearing any case will be obligated to make a decision based on the pertinent facts presented by the parties."

19. Article VII of the PGC By-Laws, also states that "[the] Committee shall have the authority to order full, partial or no compensation in deciding disputes and/or grievances and

rendering awards" and that "decision[s] by majority of a Committee Panel shall be final and binding on all parties, including the employee and/or employees affected."

20. On March 11, 2025, the Union filed two grievances for the discharges of bargaining unit employees Ella Mae Smalls and Deanna Milazzo. Both employees requested that the decision be "rescinded" and they "be made whole." A copy of the grievance regarding Smalls is attached hereto as Exhibit C to the Complaint. A copy of the grievance regarding Milazzo is attached hereto as Exhibit D to the Complaint.

21. On June 24, 2025, the Union presented the Smalls and Milazzo grievances to the PGC.

22. The Union raised a Point of Order based upon the Defendant's failure to timely respond to the Union in writing within ten (10) school days after Step 3 of the grievance procedure as required by Article 12, Section 3 of the CBA. *See* Exh. A

23. On June 24, 2025, the PGC upheld the Union's Point of Order. A copy of the PGC decision regarding Smalls is attached hereto as Exhibit E to the Complaint. A copy of the grievance regarding Milazzo is attached hereto as Exhibit F to the Complaint.

24. Notwithstanding the PGC's decision, neither employee has been reinstated nor made whole.

## COUNT I – BREACH OF CONTRACT

25. Plaintiff incorporates by reference the allegations set forth in paragraph 1 through 24 above, as if fully stated herein.

26. By failing and refusing to abide by the grievance committee decision, Defendant has breached the final and binding provision of its CBA with the Union.

27. As a result of the Defendant's failure to comply with the June 24, 2025, decision of the grievance committee, Plaintiff brings this action to enforce the binding determination made therein. The grievance committee ruled in favor of the reinstatement and compensation of employees Ella Mae Smalls and Deanna Milazzo, and Defendant has refused to implement that decision. Plaintiff therefore seeks an order from this Court confirming the committee's findings, compelling Defendant to reinstate both employees with full back pay for all wages due, and awarding Plaintiff reasonable attorney's fees and costs incurred in enforcing the decision. Plaintiff further requests any additional relief the Court deems just and proper to ensure full compliance and remedy the harm caused by Defendant's noncompliance.

## PRAYER FOR RELIEF

Wherefore, Plaintiff hereby seeks:

1. Entry of an order confirming the grievance committee's decision;
2. Entry of an order requiring Defendant to comply with the June 24, 2025, grievance committee decision;
3. Direct Defendant to reinstate and pay both employees, Ella Mae Smalls and Deanna Milazzo for all wages due;
4. Entry of an award granting the Plaintiff reasonable attorney's fees and costs; and
5. Any other relief that this honorable court shall deem just and appropriate.

(Signature block on the next page)

        Respectfully submitted,

        s/Shannon Polvi
        Shannon Polvi (Fed Bar # 11978)
        Cromer Babb & Porter, LLC
        1418 Laurel St., Suite A
        Columbia, SC 29201
        P.O. Box 11675
        Columbia, SC 29211
        shannon@cromerbabb.com

        Counsel for Plaintiff,
        Teamsters Local Union No. 509

September 5, 2025
Columbia, South Carolina